IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **100 PROOF INVESTMENTS LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO.** 4:25-cv-02202 |
| § | |
| **TH MSR HOLDINGS LLC AND** § | |
| **ROUNDPOINT MORTGAGE SERVICING** § | |
| **LLC** § | |
| § | |
| **Defendants.** § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, RoundPoint Mortgage Servicing LLC ("RoundPoint") and TH MSR Holdings LLC ("TH MSR", collectively "Defendants") hereby remove this action from the County Court at Law No. 4 of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support of such removal, Defendants respectfully shows the Court the following:

### I.   STATE COURT ACTION

1. On May 1, 2025, Plaintiff 100 Proof Investments LLC ("Plaintiff") filed its *Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction* (the "Complaint") in the County Court at Law No. 4 of Nueces County, Texas, in an action styled *100 Proof Investments LLC vs. TH MSR Holdings LLC and RoundPoint Mortgage Servicing, LLC*, under Cause No. 2025ccv-60545-4 (the "State Court Action").

1

2. In the State Court Action, Plaintiff seeks to preclude Defendants' foreclosure sale of real property located at 4600 Ocean Drive, Unit 203, Corpus Christi, Texas 78412 (the "Property").[1] Plaintiff alleges that it purchased the Property on September 3, 2024, at a "foreclosure sale conducted by the condominium association's Trustee due to unpaid association dues, assessments, and other sums owed by the prior owner, Barbara Bukowski."[2] Plaintiff alleges that on September 6, 2024, Bukowski entered a loan modification agreement with Defendants that encumbered the Property "with an additional $10,363.78, ostensibly modifying the original loan or Note."[3] Plaintiff complains that it was not provided notice of the foreclosure sale despite being the owner, and that Defendants have refused to discuss the loan without Bukowski's permission.[4] Plaintiff further complains that "(a) the mortgage/loan amount includes an additional mortgage/loan amount made by Barbara Bukowski with Defendants when Ms. Bukowski was not a lawful owner of the property in question, (b) Defendants knew or should have known the Loan Modification Agreement was invalid as an encumbrance upon the Property as to Plaintiff as the Trustee's Deed conveying the Property to Plaintiff was filed with Nueces County on September 4, 2024...and (c) alternatively, Defendants failed to comply with applicable notice and procedural requirements under Texas law..."[5] In connection with these allegations, Plaintiff seeks a temporary restraining order and requests temporary and permanent injunctions.[6]

3. Plaintiff's request for a temporary restraining order was granted on May 1, 2025.[7] The temporary injunction hearing is scheduled for May 15, 2025, at 2:00 p.m.[8]

---

[1] *See generally*, Complaint.
[2] Complaint at ¶ 4.2.
[3] *Id*.
[4] Complaint at ¶¶ 4.5, 4.7.
[5] Complaint at ¶ 4.10.
[6] Complaint at ¶¶ 5.1, 5.2, 6.1.
[7] *See* Ex. E.
[8] *Id*.

4. Defendants have not yet been served.[9] Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b).[10]

5. As discussed below, Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

6. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(6), 1441, 1446(a).

7. The United States District Court for the Southern District of Texas, Corpus Christi Division has original jurisdiction over this action based on diversity jurisdiction, as set forth below.

8. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | State Court Action Docket Sheet |
| **Exhibit D** | Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (5/1/2025) |
| **Exhibit E** | Temporary Restraining Order and Order Setting Hearing for Temporary Injunction (5/1/2025) |
| **Exhibit F** | Cash Bond Certificate (5/2/2025) |
| **Exhibit G** | List of All Counsel of Record |
| **Exhibit H** | Texas Secretary of State – Business Organizations Inquiry |
| **Exhibit I** | Nueces County Tax Assessor-Collector Records |

---

[9] *See* Ex. C.
[10] Per FRCP 1441(b)(1), Defendants must remove the case to federal court within 30 days of service of the initial pleading.

3

9. Simultaneously with the filing of this Notice of Removal, Defendants will serve Plaintiff with a copy of this Notice of Removal. 28 U.S.C. § 1446(d).

### III.     DIVERSITY JURISDICTION

10. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because PHH is neither a citizen of Texas nor of the same state as Plaintiff. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The amount-in-controversy requirement is also satisfied as outlined below.

**A.     DIVERSITY OF CITIZENSHIP**

11. Regarding the parties' citizenship as LLCs, the citizenship of limited liability entities is determined by the citizenship of all their members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.,* 851 F.3d 530, 536 (5th Cir. 2017). "When members or partners are themselves entities or associations, citizenship must be traced through however many layers of members/partners there are until arriving at the entity that is not a limited liability entity or partnership and identifying its citizenship status." *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397-98 (5th Cir. 2009).

12. Plaintiff is a Texas limited liability company. The two members of 100 Proof Investments LLC are Joshua E. Richline and Gregory W. Turman, who are natural persons and

individuals and citizens of the state of Texas.[11] Therefore, for diversity purposes, Plaintiff is a citizen of Texas.

13. Defendant RoundPoint is a Delaware limited liability company that is wholly owned by its sole member, TH MSR Holdings LLC. TH MSR is an Arizona limited liability company. TH MSR is an indirect, wholly-owned subsidiary of Two Harbors Investment Corp., a publicly traded Maryland corporation with a principal place of business in Minnesota. Therefore, for diversity purposes, RoundPoint is a citizen of Maryland and Minnesota.

14. Defendant TH MSR Holdings LLC is an Arizona limited liability company. TH MSR is an indirect, wholly-owned subsidiary of Two Harbors Investment Corp., a publicly traded Maryland corporation with a principal place of business in Minnesota. Therefore, for diversity purposes, TH MSR is a citizen of Maryland and Minnesota.

15. As shown herein, *supra*, there is complete diversity between Plaintiff, RoundPoint, and TH MSR. *See* 28 U.S.C. § 1332(c)(1).

**B.    AMOUNT IN CONTROVERSY**

16. Where a defendant can show, by a preponderance of evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009) (mem. op.).

---

[11] *See* Ex. H.

17. From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000, exclusive of interest and costs.

18. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Specifically, the *Farkas* court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'when . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 340, 342 n.2 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

19. Here, the amount in controversy is readily apparent from the face of the Complaint. Plaintiff seeks to preclude Defendants from foreclosing on the Property.[12] As a result, the entire value of the Property is squarely at issue, and the current fair market value of the Property is therefore an appropriate measure of the amount in controversy. *Nationstar Mortg. LLC*, 351 F. App'x at 848; *Waller*, 296 F.2d at 547–48. According to the Nueces County Tax Assessor-

---

[12] *See generally*, Complaint.

Collector, the market value for tax purposes is $138,985.00.[13] Therefore, the value of the Property independently and cumulatively satisfies the amount-in-controversy requirement. *See, e.g.*, *Farkas*, 737 F.3d at 342–43.

20.     Based on the foregoing, it is apparent from the face of the Complaint and the current tax records for the Property that the value of the damages sought by Plaintiff more likely than not exceeds the $75,000 jurisdictional minimum.

21.     Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Removal of the State Court Action is proper.

## IV.     RESERVATION OF RIGHTS

22.     In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, rights, and motions.

## V.     CONCLUSION

WHEREFORE, Defendants remove this action from the County Court at Law No. 4 of Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[13] Defendants respectfully request that the Court take judicial notice of Exhibit I, pursuant to Federal Rule of Evidence 201. FED. R. EVID. 201. Defendants do not contend that this particular appraisal constitutes the most accurate valuation of the Property.  Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied. Furthermore, Defendants reserve the right to offer additional evidence of the Property's market value in the future.

Respectfully submitted,

*/s/ Taneska L. Jones*
B. David L. Foster - **Attorney in Charge**
Texas Bar No. 24031555
david.foster@troutman.com
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**Taneska L. Jones**
Texas Bar No. 24106151
S.D. Texas Bar No. 3171280
taneska.jones@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1563
Facsimile: (713) 229-2563

**COUNSEL FOR DEFENDANTS ROUNDPOINT MORTGAGE SERVICING LLC AND TH MSR HOLDINGS LLC**

# CERTIFICATE OF SERVICE

The undersigned certifies that on May 14, 2025, a true and correct copy of the foregoing document was delivered to the following counsel of record *via CM/ECF and/or email* consistent with the Federal Rules of Civil Procedure.

Kathryn Snapka
Greg W. Turman
THE SNAPKA LAW FIRM, PLLC
500 N. Water Street, Suite 700
P.O. Box 23017
Corpus Christi, Texas 78403
Telephone: (361) 888-7676
Facsimile: (361) 884-8545
*Plaintiff's Counsel*

*/s/ Taneska L. Jones*
Counsel for Defendants

313864301v.1